CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 14 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANITA M. McGUIRE, | ) |
|     Plaintiff, | ) Civil Action No. 7:14CV00258 |
| v. | ) **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
|     Defendant. | ) Chief United States District Judge |

The plaintiff, Anita M. McGuire, has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g) and § 42 U.S.C. § 1383(c)(3).

By order entered June 26, 2014, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On August 10, 2015, the magistrate judge submitted a report in which he recommends that the Commissioner's final decision denying plaintiff's entitlement to disability insurance benefits and supplemental security income benefits be affirmed. Plaintiff has filed objections to the magistrate judge's report.

Mrs. McGuire was born on March 20, 1971, and she eventually reached the ninth grade in school. Plaintiff has worked as a fast food cashier, babysitter, waitress, and nursing assistant. She last worked on a regular and sustained basis in 2010. On January 25, 2010, Mrs. McGuire filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on January 11, 2010, due to short term memory loss, back problems, and seizures. Mrs. McGuire

now alleges that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mrs. McGuire's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 26, 2012, the Administrative Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. McGuire suffers from several severe impairments, including "diagnosed non-epileptic spells - not objectively substantiated"; possible migraine disorder; cervical spine spondylosis; lumbar strain and possible degenerative disc disease; history of motor vehicle accident injuries; depressive disorder; and alcohol/cocaine dependence in remission. (TR 15). Because of this combination of impairments, the Law Judge held that Mrs. McGuire is disabled for all of her past relevant work activities. (TR 20). However, the Law Judge found that plaintiff retains sufficient functional capacity for light and sedentary physical exertion. The Law Judge assessed Mrs. McGuire's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light and by inclusion sedentary lifting, carrying, sitting, standing and walking as "light" and "sedentary" are set out in the Dictionary of Occupational Titles and as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant should avoid dangerous machinery and unprotected heights, is able to engage in frequent but not constant reaching handling, and fingering, is limited to occasional overhead reaching, and is able to maintain attention and concentration throughout an 8-hour day with normal breaks the employer ordinarily provides, for tasks involving no more than short simple instructions.

2

(TR 16). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that plaintiff retains sufficient capacity to perform several specific light and sedentary work roles existing in significant number in the national economy. (TR 21). Accordingly, the Law Judge ultimately concluded that Mrs. McGuire is not disabled, and that she is not entitled to benefits under either federal program. (TR 22). See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having now exhausted all available administrative remedies, Mrs. McGuire appealed to this court. See 42 U.S.C. § 405(g).

As previously noted, on June 26, 2014, the court referred this case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and recommended disposition. The magistrate judge filed a report on August 10, 2015. The magistrate judge recommended that the court affirm the final decision of the Commissioner denying plaintiff's entitlement to benefits. Based on the arguments adduced by Mrs. McGuire's attorney, the magistrate judge recognized that the primary issues in this case turn on the proper assessment of plaintiff's "mental limitations" and plaintiff's subjective symptomatology. The magistrate judge ultimately concluded that the Administrative Law Judge's findings as to the extent of plaintiff's nonexertional limitations are supported by the evidence, and that the Administrative Law Judge propounded a comprehensive hypothetical question to the vocational expert. The magistrate judge also found that the Administrative Law Judge properly considered plaintiff's testimony as to the extent of her pain and emotional limitations. The magistrate judge determined that the

Law Judge properly relied on the vocational expert's testimony in finding residual functional capacity for specific light and sedentary work roles existing in significant number in the national economy.

In objecting to the magistrate judge's recommendation, plaintiff has again focused on her nonexertional limitations. Mrs. McGuire observes that, in formulating hypothetical questions for the vocational expert, the Law Judge relied in substantial measure on the findings in a consultative psychological report completed by Dr. Marvin A. Gardner, Jr., on October 19, 2010. Plaintiff maintains that Dr. Gardner found moderate impairments in concentration, persistence, and pace, and that the Law Judge failed to include such moderate limitations in the hypothetical question put to the vocational expert. Relying on the recent decision of the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), plaintiff argues that the Law Judge improperly subsumed such moderate, work-related impairments under a more general finding of capacity for simple and unskilled work. As a second objection, plaintiff asserts that the Law Judge erred in assessing and characterizing her residual functional capacity prior to considering the functional impact of her subjective limitations. Again citing Mascio, supra at 638, plaintiff contends that the Law Judge erred in failing to consider her subjective limitations in determining the extent of her residual functional capacity. Mrs. McGuire maintains that the case should be remanded to the Commissioner so that a more comprehensive hypothetical question, with a properly determined residual functional capacity and explicit findings as to work-related mental limitations, can be put to a qualified vocational expert.

4

This court reviews, de novo, the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1). The court's review of the Commissioner's final decision is limited to a determination as to whether there is "substantial evidence" to support the Commissioner's conclusion that plaintiff has filed to establish entitlement to disability insurance benefits and supplemental security income benefits. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The Administrative Law Judge found that Mrs. McGuire is limited to no more than light work because of physical problems, including a possible seizure disorder, and that her capacity for a full range of light and sedentary work activity is limited due to certain nonexertional limitations, including ambulatory and manipulative deficiencies. (TR 16). The Law Judge ruled that Mrs. McGuire is capable of maintaining attention and concentration throughout a regular work day, as long as she is not called upon to execute more than "short simple instructions." (TR 16). In assessing the extent of plaintiff's emotional/mental limitations, the Law Judge accorded "great weight" to the consultative report completed by Dr. Gardner. (TR 19). At the administrative hearing, the Law Judge included such work-related limitations in a hypothetical question put to a vocational expert. (TR 61). The Law Judge relied on testimony from the vocational expert in determining

5

that Mrs. McGuire could be expected to perform alternate work roles existing in significant number in the national economy. (TR 22).

In the court's view, the primary difficulty in this case is that the hypothetical question put to the vocational expert did not include all of the work-related limitations identified by Dr. Gardner in his consultative psychological report. Dr. Gardner examined Mrs. McGuire on October 14, 2010. He considered earlier medical reports, as well as his own clinical findings and diagnostic interview results. During his interview, Dr. Gardner found that plaintiff's immediate recall is markedly impaired and that her concentration is moderately impaired. (TR 437-38). Dr. Gardner ultimately assessed plaintiff's overall condition as follows:

> The claimant is able to perform simple and repetitive tasks and maintain regular attendance in the workplace. The claimant's moderate impairment of concentration would produce a moderate work-related impairment of concentration persistence or pace. She is able to perform work activities without special or additional supervision. She is able to complete a normal workday or workweek without interruptions resulting from her psychiatric condition. The claimant was capable of accepting and responding appropriately to all instructions given by this examiner. She is able to interact with coworkers and with the public. She is able to deal with the usual stressors encountered in 40-hours per week of competitive work.

(TR 438).

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

6

In the instant case, the court is simply unable to conclude that the assessment offered by the vocational expert, which was adopted by the Administrative Law Judge, was based on all of the work-related limitations established by the medical record. The Administrative Law Judge apparently believed that Mrs. McGuire is capable of performing a wide range of light and sedentary work roles which involve no more than short, simple instructions, without regard for the level of concentration, persistence, and pace required in those work roles. However, the court reads Dr. Gardner's assessment, which was accorded "great weight" by the Law Judge, to indicate that plaintiff is capable of performing simple and repetitive tasks <u>and</u> that she is further limited by a moderate impairment in concentration, persistence, and pace. Stated differently, Dr. Gardner did not suggest that plaintiff's moderate impairment in concentration, persistence, and pace would be eliminated by virtue of performance of simple and repetitive tasks. Indeed, it is difficult to understand how plaintiff's performance of such simple jobs would not be impacted by marked impairment in immediate recall, and moderate impairments in the ability to focus and remain on task. In any event, these are questions for the vocational expert, not Dr. Gardner or the Administrative Law Judge. In the court's opinion, the Law Judge's failure to ask the vocational expert to consider such work-related factors renders the vocational expert's opinion meaningless.

As noted by the United States Court of Appeals for the Tenth Circuit in <u>Wiederholt v. Barnhart</u>, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized

7

assessment that incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments. (citations omitted).

See also Millhouse v. Astrue, 2009 WL 763740, at *3 (M.D. Fla. March 23, 2009) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, 2012 WL 4336205, at *9 (M.D. Fla. September 21, 2012) ( noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks, or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases); and Sexton v. Colvin, 21 F.Supp.2d 639, 642-3 (W.D.Va. May 19, 2014) (a limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace).

In Mascio v. Colvin, the United States Court of Appeals for the Fourth Circuit recently reached a similar conclusion:

> In addition, we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

supra at 638.

Both the Commissioner and the magistrate judge attempt to distinguish Mascio. Citing Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011), the magistrate judge suggests that an Administrative Law Judge may properly account for limitations in concentration, persistence, and pace by restricting the claimant to simple, routine, or unskilled work. The court does not doubt that some claimants, depending on their physical condition, age, education, and

8

prior work experience, may be capable of performing simple, routine, or unskilled work despite moderate impairments in concentration, persistence, and pace. Nor does the court doubt that an Administrative Law Judge may take such moderate limitations into account in formulating a proper hypothetical question for a vocational expert, though the court believes that the Law Judge's assessment in this regard must be related to the medical record. However, the court finds no basis upon which to conclude that the Administrative Law Judge properly incorporated such deficiencies in the hypothetical question posed in Mrs. McGuire's case. Once again, in the instant case, Dr. Gardner did not suggest that Mrs. McGuire could perform a full range of simple and repetitive tasks without regard for her moderate impairment in concentration, persistence, and pace. Otherwise, it would not have been necessary for Dr. Gardner to even mention such moderate deficiencies. If Dr. Gardner's assessment is to be accorded great weight, as did the Administrative Law Judge, the court concludes that the medical record simply does not support the notion that Mrs. McGuire retains sufficient functional capacity for a <u>full range</u> of light and sedentary work roles "involving no more than short simple instructions."

Finally, the court believes that reliance on <u>Winschel</u> misses the point. In the last two paragraphs of its opinion in <u>Winschel</u>, the United States Court of Appeals for the Eleventh Circuit stated as follows:

> In this case, the ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical. Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert.
>
> Because the ALJ asked the vocational expert a hypothetical question that failed to include or otherwise implicitly account for all of Winschel's impairments, the vocational expert's testimony is not "substantial evidence" and cannot support the

> ALJ's conclusion that Winschel could perform significant numbers of jobs in the national economy. Accordingly, we reverse. On remand, the ALJ must pose a hypothetical question to the vocational expert that specifically accounts for Winschel's moderate limitation in maintaining concentration, persistence, and pace.

631 F.3d at 1181. The court is simply unable to conclude that the opinion of the Law Judge in the instant case overcomes the deficiency identified by the Eleventh Circuit in Winschel. Indeed, in denying Mrs. McGuire's claims, the Law Judge did not even mention Dr. Gardner's findings of moderate impairments in concentration, persistence, and pace, much less attempt to explain why the medical evidence suggested that plaintiff's ability to perform simple work subsumes such moderate deficiencies, or to otherwise account for the limitations in the hypothetical. The Commissioner's final decision in this case is not supported by substantial evidence.

In passing, the court also agrees with plaintiff's contention that the Administrative Law Judge's consideration of her subjective manifestations was flawed. Writing for the Fourth Circuit in Mascio, Judge Diaz commented on this issue as follows:

> Next, Mascio contends that the ALJ erred by determining her residual functional capacity before assessing her credibility. We agree that the ALJ erred, and that the error was not harmless.
>
> Mascio's argument stems from the ALJ's use of the following language in his opinion:
>
>> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> A.R. 495. We agree with the Seventh Circuit that this boilerplate "gets things backwards" by implying "that ability to work is determined first and is then used to determine the claimant's credibility." Bjornson, 671 F.3d at 645.

10

> The boilerplate also conflicts with the agency's own regulations, which direct the ALJ to "determine the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how [the claimant's] symptoms affect [his or her] ability to work." 20 C.F.R. § 416.929(a). Thus, the ALJ here should have compared Mascio's alleged functional limitations from pain to the other evidence in the record, not to Mascio's residual functional capacity.

780 F.3d at 639 (footnote omitted). In the instant case, the Law Judge began the assessment of plaintiff's symptoms with the following observation:

> After careful consideration of the evidence, the undersigned finds that the claimant's medially determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible <u>to the extent they are inconsistent with the above residual functional capacity assessment</u>. This conclusion is based on the evidence analyzed above as well as the following considerations. (Emphasis added).

(TR 20). Thus, by rejecting plaintiff's subjective complaints to the extent that such complaints were inconsistent with the residual functional assessment, the Law Judge committed the very same error identified by Judge Diaz in <u>Mascio</u>. The magistrate judge essentially found that this error was harmless because the Law Judge went on to discuss plaintiff's testimony as to her seizure disorder and "totally disabling symptoms." (TR 20). However, a review of plaintiff's testimony indicates that she noted many other subjective factors, including neck and back pain (TR 42), numbness and tingling (TR 43), headaches (TR 43), memory lapses (TR 44), difficulty sitting (TR 44), sleeplessness (TR 45), lack of focus on a daily basis (TR 45), and depression (TR 46). In any event, the fact remains that the Law Judge's analytical model was flawed. Plaintiff's subjective symptoms should be considered in establishing residual functional capacity, and not

11

contrasted with residual functional capacity after such a finding has already been made. Mascio, supra at 639.

After a de novo review of the record, the court is constrained to conclude that plaintiff's objections to the magistrate judge's report must be sustained. The court concludes that there is "good cause" for remand of the case to the Commissioner so that a proper hypothetical question, including all of plaintiff's work-related limitations, can be put to a qualified vocational expert at a supplemental administrative hearing. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing, at which both sides will be allowed to present additional evidence and argument. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this ___14th___ day of September, 2015.

_____
Chief United States District Judge